# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRILL BROWN,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 18-CV-426-JPS
Crim. Case No. 15-CR-226-5-JPS

**ORDER**

        Petitioner Terrill Brown ("Brown") pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), (d) & 2, one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) & 2, and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. *United States v. Terrill Brown*, 15-CR-226-5-JPS (E.D. Wis.) (Brown's "Criminal Case"), (Docket #176). On September 6, 2017, the Court sentenced him to just under thirteen years' imprisonment, with seventy months being applied to the robbery convictions, and eighty-four months for the gun charge, to run consecutively to the robbery sentences. *Id.* Brown did not appeal his convictions or sentence.

        Brown filed a motion pursuant to 28 U.S.C. § 2255 to vacate his Section 924(c) conviction on March 16, 2018. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response

within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. Generally, the Court begins the screening process by examining the timeliness of the motion and whether the claims therein are procedurally defaulted. The Court need not address those matters, however, because Brown's sole ground for relief is plainly meritless.

Brown contends that he received ineffective assistance of counsel in arriving at his plea agreement, in violation of his rights under the Sixth Amendment. (Docket #1 at 4); *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). Brown argues that his counsel should not have advised him to plead guilty to the Section 924(c) charge because, in Brown's view, "application of Section 924(c) to the Hobbs Act is illegal." (Docket #2 at 5). A claim of ineffective assistance requires proof of both deficient performance by counsel and resulting prejudice to the defendant. *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018). Brown is incorrect on the law concerning the interaction between the Hobbs Act and Section 924(c), and so cannot establish that his counsel performed deficiently.

Section 924(c) imposes additional penalties on individuals who carry or use firearms in connection with certain crimes. 18 U.S.C. § 924(c). In Brown's case, he was convicted of brandishing a firearm during a "crime of violence," which the statute defines as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). The first clause is referred to as the "force" or "elements" clause, while the second is known as the "residual" clause.

Brown, citing a number of Supreme Court decisions on the vagueness of criminal statutes and the modes for interpreting them, believes that Hobbs Act robbery does not qualify as a "crime of violence" under either clause. *See* (Docket #2 at 6–22). However, the Seventh Circuit has expressly held that Hobbs Act robbery meets the definition via the force clause. *United States v. Anglin*, 846 F.3d 854, 964–65 (7th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017). Brown is aware of this. (Docket #2 at 19) ("Petitioner is aware of the fact that the precedent of this circuit is against petitioner because this circuit has held that Hobbs Act [robbery] is a 'crime of violence' pursuant to 924(c)(3)(A)."). In essence, Brown wants this Court to disagree with *Anglin* and *Rivera*. This Court has no authority to do so. In any event, the Court of Appeals has also held that Section 2113 bank robbery is also a "crime of violence," so Brown's Section 924(c) conviction would be valid even without the Hobbs Act robbery charge. *United States v. Williams*, 864 F.3d 826, 830 (7th Cir. 2017).

Because Brown is plainly not entitled to relief on the sole ground presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Brown must make a "substantial showing of the denial of a constitutional right"

by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Brown's motion presented a viable ground for relief. His arguments have been directly rejected by the Seventh Circuit, and he knew as much when he filed the motion. As a consequence, the Court is compelled to deny a certificate of appealability as to Brown's motion.

Finally, the Court closes with some information about the actions that Brown may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge